

| Order Form (01/2005) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6204 | **DATE** | 8-13-12 |
| **CASE TITLE** | Lorne Barnes (#B-01740) vs. Thomas J. Templeton, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. Dismissal is without prejudice to pursuing relief in the state court system. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**   Docketing to mail notices.

### STATEMENT

Plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff claims that a fellow detainee at the LaSalle County Jail prepared fraudulent paperwork and that correctional officials, on the basis of that paperwork, erroneously released Plaintiff's inventoried personal property to the other inmate's girlfriend.

The Court finds that Plaintiff is unable to prepay the filing fee. The Court accordingly grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $9.34 pursuant to 28 U.S.C. §1915(b)(1). The trust officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and

**(CONTINUED)**   mjm

U.S. DISTRICT COURT
CLERK
12 AUG 14 AM 7:13

shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of his transfer to another correctional facility.

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law. Although it is most regrettable that Plaintiff's property was lost or stolen, he has no tenable cause of action in federal court.

With respect to the fellow inmate and his girlfriend, they cannot be sued under 42 U.S.C. § 1983 because they are not state actors or officials and did not violate a constitutional right. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *See, e.g., Parker v. Franklin County Community School Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). Any cause of action sounding in tort belongs in state court.

Any cause of action against correctional official likewise lies in state court. A random and unauthorized deprivation of property by a state employee does not constitute a due process violation if the State provides a meaningful post-deprivation remedy. *Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007); *Snyder v. Nolen*, 380 F.3d 279, 298 (7th Cir. 2004). The Illinois Court of Claims provides Plaintiff with an adequate remedy to redress his property loss. Plaintiff may also file an action in the state circuit court. *See Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). Because the State has provided an adequate post-deprivation remedy, the loss of Plaintiff's property is not actionable under 42 U.S.C. § 1983. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to pursuing any type of relief that may be available in the state court system. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."